IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 12-16J |
| v. | ) | |
| | ) | JUDGE KIM R. GIBSON |
| TARA FINLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on Defendant Tara Finley's motion to continue trial (ECF No. 89), wherein she seeks to reschedule her trial to the September 2014 trial term. The Court now considers the Defendant's motion, the Government's response in opposition, and the issues presented by counsel at a conference held on July 1, 2014.

### I.

The trial court has discretion to grant or deny a trial continuance. *See, e.g., United States v. McGavitt*, 532 F. App'x 295, 299 (3d Cir. 2013). Furthermore, "[a] trial court's decision to deny a continuance will only be reversed if an abuse of discretion is shown." *Kikumura*, 947 F.2d 72, 78 (3d Cir. 1991); *see also* 3A Charles A. Wright, Federal Practice and Procedure: Criminal 2d § 832 (1982) ("Occasionally an abuse of discretion will be found, but this is so rare that it is correct to say that the action of the trial court is ordinarily not reviewable.") (quoted with approval in *Kikumura*, 947 F.2d at 78).

In determining whether a continuance should be granted, the trial court should consider the following factors:

(1) the efficient administration of criminal justice;

(2) the accused's rights, including an adequate opportunity to prepare a defense; and

(3) the rights of other defendants awaiting trial who may be prejudiced by a continuance.

*United States v. McGavitt*, 532 F. App'x 295, 299 (3d Cir. 2013) (citing *Kikumura*, 947 F.2d at 78); *see also Gov't of Virgin Islands v. Charleswell*, 115 F.3d 171, 174 (3d Cir. 1997) ("[T]rial judges must balance the conflicting demands of court administration with the rights of the accused. . ."). The trial court may further consider the diligence of counsel in requesting the continuance. *United States v. Cruz-Jiminez*, 977 F.2d 95, 104 n.13 (3d Cir. 1992). The trial court's decision will ultimately depend on the circumstances in each case and will not be disturbed on appeal unless it is "so arbitrary as to violate [the accused's] due process [rights]." *McGavitt*, 532 F. App'x at 299 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)).

II.

With this discretionary standard in mind, the Court makes the following findings:

1. On May 15, 2012, a federal grand jury returned a three-count indictment against the Defendant, charging her with conspiracy, in violation of 18 U.S.C. § 371, and two counts of mail fraud, in violation of 18 U.S.C. §§ 2 and 1341.

2. The indictment alleges that the Defendant conspired with another person to set fire to a furniture store. The indictment further alleges that the Defendant submitted a fraudulent insurance claim through the United States mail.

3. Attorney Christopher Brown, an experienced federal defender, has represented the Defendant since September 18, 2012. (ECF No. 89 ¶ 5; ECF No. 27).

4. Attorney Brown has previously requested nine trial continuances in this case. (ECF Nos. 30, 34, 39, 45, 49, 57, 64, 71, & 75). The Court has granted each of these requests.

5. In total, the Court has granted twelve trial continuances in this case. (ECF No. 15, 20, 30, 34, 39, 45, 49, 57, 62, 64, 71, & 75).

6. In Defendant's motion to continue trial dated January 21, 2014, Attorney Brown requested a trial date in the July 2014 trial term, stating, "Counsel does not anticipate seeking any further continuances." (ECF No. 75 at 2).

7. At the pretrial conference held on June 18, 2014, Attorney Brown stated that the Defendant was prepared for trial, that counsel needed approximately three days to present the Defendant's case, and that the Defendant sought to move the trial date forward one week to accommodate the schedule of defense counsel. (ECF No. 84). The Court granted the Defendant's request, thereafter scheduling the trial for July 14, 2014. (ECF No. 85).

8. On June 26, 2014, federal defender W. Penn Hackney entered his appearance as counsel for the Defendant. Attorneys Brown and Hackney are both counsel of record for the Defendant in this case.

9. The Defendant has filed another motion to continue trial, docketed at ECF Number 89. In this motion, the Defendant argues that a continuance is warranted given the extensive discovery in this case. (ECF No. 89 at 3) (describing over 3,000 pages of discovery materials).

10. The Defendant further seeks a trial continuance because attempts to obtain a fire expert have proven difficult. Defense counsel state that they have recently hired a fire expert but that the expert's conclusions will depend on disclosure of additional information from the Government. (*Id.* at 6). Furthermore, defense counsel state that the Defendant's fire expert is unavailable for trial in July but is available for trial in September. (*Id.* at 6).

11. As a final justification for the continuance, the Defendant argues that her counsel have recently obtained "seven banker's boxes" filled with financial records collected during the criminal investigation. (*Id.* at 6). Defense counsel state that, "given the volume of materials [recently] made available, and an assessment of them, it is counsels' professional estimation that a critical

3

element of the defense, i.e. related to the financial portion of the case, cannot properly be presented [in time for a July 2014 trial]." (*Id.* at 7).

12. The Government objects to the Defendant's motion because its primary ATF case agent is retiring on August 31, 2014. (ECF No. 91 at 1). "The prosecution team in this case, up to this point, has consisted of one Assistant United States Attorney and the case agent. Although the case agent has been assisted by numerous other ATF agents to carry out various tasks during the investigation, those other agents know only a few bits and pieces of the case. The case agent knows all of it." (*Id.* at 2).

13. The Government stresses that a federal case agent "is not merely a spectator in the courtroom." (*Id.*). Rather, the agent maintains and organizes the evidence, interviews and subpoenas government witnesses, and is an "essential" part of the prosecution. (*Id.*). According to the Government, if the Court granted a trial continuance, it would face a heavy burden in having to prepare a new case agent for trial.

14. As an alternative to denying a trial continuance, the Government requests that the Court exercise its discretion to "mitigate some of the burden on the prosecution team." (*Id.* at 4). The Government requests that the Court enter an order directing the Defendant to disclose a list of witnesses whom she intends to call at trial, along with a summary of their expected testimony. (*Id.* at 4).

III.

After considering all the circumstances present in this case, the Court concludes that a trial continuance is necessary. The touchstone is not whether a continuance would permit the defendant to construct a better defense, but whether a denial of a continuance would violate the defendant's due process rights. *United States v. McGavitt*, 532 F. App'x 295, 299. The decision is a delicate one, requiring the Court to balance the accused's rights—such as her need to prepare an adequate defense—and the "equally desirable

4

public need for the efficient and effective administration of criminal justice." *United States v. Kikumura*, 947 F.2d 72, 79 (3d Cir. 1991) (citation omitted).

Weighing in favor of a continuance is the Defendant's contention that her expert has not yet determined the cause of the fire and that the expert's assessment is "pending disclosure of additional information that was requested of the government . . ." (ECF No. 89 at 6). Additionally, two experienced defense counsel state that, in their professional judgment, a continuance is needed to prepare a critical portion of the case—i.e., financial records related to the criminal investigation. The Defendant has thus shown that material evidence and testimony might be obtained if a continuance is granted.

Weighing against a continuance is the inconvenience to the Court, the substantial burden placed on the Government, and the numerous trial continuances previously granted in this case. Indeed, the Court has invested significant effort in clearing its weighty docket for a two-week criminal trial. The Government will also be prejudiced by the delay because it must prepare a new ATF agent on the eve of trial. Finally, and perhaps most troubling, defense counsel have had the bulk of the discovery material for more than one year and thus have had months to adequately prepare for this case.

In view of these considerations, the Court does not arrive at its decision lightly. But when balancing the demands of court administration with the rights of the accused, the circumstances warrant a continuance. This will be a complicated trial, and the prosecution has indicated that at least five days will be required to present its evidence. A five-year investigation involved the ATF, the Pennsylvania State Police, fire experts, lab analysts, and more than sixty witnesses interviewed by law enforcement. The Defendant has also stated with particularity that material evidence might be obtained if her counsel have additional time to prepare. Thus, the Court must grant the Defendant's motion.

As a final matter, the Government requests that, if a continuance is granted, the Court should require the Defendant to disclose a list of witnesses whom she intends to call at trial, along with a summary of their expected testimony. The Government offers no

5

authority for such a request and the Court knows of none. Indeed, the Court likely does not have the authority to order such a disclosure. *See, e.g., United States v. Hicks*, 103 F.3d 837, 841 (9th Cir. 1996)[1] ("A district court that orders the Government and the defendant to exchange witness lists and summaries of anticipated witness testimony in advance of trial has exceeded its authority under Rule 16 of the Federal Rules of Criminal Procedure and has committed error."); *United States v. Cannone*, 528 F.2d 296, 299 (2d Cir. 1975) ("The general discretion of district courts to compel the *government* to identify its witnesses is acknowledged widely . . .") (emphasis added); *accord United States v. Napue*, 834 F.2d 1311, 1318 (7th Cir. 1987). Accordingly, the Court will not order the Defendant to provide the Government with a list of her witnesses and a summary of their testimony before trial.

IV.

And now, on this 3rd day of July 2014, upon consideration of the Defendant's motion to continue trial (ECF No. 89), and for the reasons stated above,

**IT IS HEREBY ORDERED** that the motion is **GRANTED**.

An amended pretrial order shall issue.

BY THE COURT:

Kim R. Gibson

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

---

[1] *United States v. Hicks* was overruled by *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008), insofar as the Ninth Circuit held that

> a district court, consistent with Rule 16 and Rule 2 and as part of the court's inherent authority to manage its docket, may in appropriate circumstances require the government to disclose a final list of its proposed trial witnesses and has the authority to enforce such an order. *Hicks* is overruled to the extent that it applied to such disclosures *by the government*.

*United States v. W.R. Grace*, 526 F.3d 499, 513 (9th Cir. 2008) (emphasis added).

6